## OSCAR CHAMBERS v. THE STATE.

1. LARCENY.  *Possession of stolen property explained.  Evidence of conversations.*

   On the trial of an indictment for larceny it is competent for the accused to prove conversations, in which he participated or which occurred in his presence, tending to show that he was induced to take possession of the property alleged to have been stolen as the agent for one whom he believed to be the owner thereof.

2. SAME.  *Conversations, when not hearsay.*

   Such conversations are not hearsay, but original and material evidence. 1 Greene on Ev., § 101, cited.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

Oscar Chambers was indicted for the larceny of an ox.

The State proved that the ox was the property of E. S. Cobb, was taken away without his consent or knowledge, and was found in the possession of the defendant, who, under an assumed name, was trying to sell the ox as his own.

The defendant offered to prove these facts:  On the 29th day of December, 1883, Willis Stokes, in the presence of the defendant, told W. S. McAlister, to whom he was indebted, that he expected to get a cow from Jetson Lane some time in the following week, and wanted McAlister to sell her and pay himself.  On the 1st of January, 1884, Stokes told defendant he had gotten the cow Lane had promised him, and offered him two dollars and a half to help drive it to Canton and to sell it in defendant's name.  The defendant objected that Stokes' proposition looked suspicious, and the latter gave as the reason for it that he owed persons in Canton who would seize the cow, and thereupon defendant consented to it. Stokes then told defendant to meet him at Cobb's place (where Stokes lived) by four o'clock of the next morning, when they would start with the cow.  Defendant objected to the early hour, but Stokes explained that a certain butcher in Canton wanted a beef early in the morning for his customers, and he could get a better price by having the animal there by daylight.  The defendant thereupon agreed to meet Stokes as requested, and at the time

appointed they did meet, and Stokes pointed out to defendant a "muly" ox in Cobb's lot as the animal which they would drive to town and the defendant should sell ; and this ox was by them driven to town and found in defendant's possession.   All evidence of such conversations was excluded by the court as hearsay.   The defendant excepted.   He was convicted, and appealed to this court.

*Calhoon & Green,* for the appellant.

The court manifestly fell into the error of regarding the excluded evidence as hearsay, forgetting the rules as to the competency of words as facts when of the *res gestæ,* and as to the competency of words as facts explaining conduct.

It is frequently, and quite naturally in the nature of things, the case that one accused of theft, found in the possession of the goods recently stolen, which is *primâ facie* proof of guilt, cannot possibly explain his possession and actions otherwise than by detailing the information which induced him to take the possession.   1 Greenleaf on Ev., § 101.   *Payne* v. *State,* 57 Miss. 348.

*J. L. Harris,* for the State.

It is believed that the court erred in excluding Chambers' testimony and testimony corroborating the same, but it is submitted to the judgment of the court.

CAMPBELL, C. J., delivered the opinion of the court.

It is admissible for the defendant on trial for larceny to introduce any evidence to show that he came into possession of the property honestly, and evidence to show that he was misled by the statements of another is not hearsay, but primary.

" Where the question is whether the party acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence." 1 Greenleaf on Ev., § 101.

*Judgment reversed and cause remanded for a new trial.*